## Larkin, et al. v. Larkin.

(Decided July 1, 1924.)

### Appeal from Fayette Circuit Court.

Guardian and Ward—Father Cannot Prosecute Claim for Curtesy in Suit by Child for Settlement of Accounts as Guardian.—Father, as defendant in suit by daughter for settlement of his accounts as guardian, could not prosecute claim for further assignment

of curtesy, which must be prosecuted in prior action instituted by him for that purpose.

GEORGE C. WEBB and GEORGE W. VAUGHN for appellants.

D. C. HUNTER and SMITH & REYNOLDS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

Appellee, Virginia Larkin, is the daughter of John C. Larkin. Her mother, Mollie Larkin, died intestate a resident of Fayette county, leaving a large estate, mostly realty. She owed considerable money, part of which was secured by liens upon lands. She was survived by her ten children, including Virginia. After the wife's death her husband, John C. Larkin, qualified as administrator of his wife, and also as guardian of Virginia and two other children under the age of twenty-one (21) years. Thereafter he instituted an action in the Fayette circuit court for a settlement of the estate of his deceased wife, joining with him their children, including Virginia. To settle the debts something more than 1,077 acres of land were sold, bringing $188,421.00. Of the indebtedness over $127,396.00 was secured by lien on real property and something more than $70,000.00 upon personal surety only. In the settlement suit the plaintiff, John C. Larkin, prayed that all persons having claims against the "estate of Mollie Larkin, deceased, be required to present them in this action and be enjoined from prosecuting any cause of action against the estate of Mollie Larkin except in this action; for a settlement of plaintiff's accounts as administrator; that he be directed and guided by this court in the performance of his duties; that the value of John C. Larkin's curtesy in said land be determined and set apart and conveyed to him absolutely; that the administrator be allowed a reasonable compensation for his services; that a reasonable allowance be made to his counsel for services rendered in the settlement of said estate, and that a sufficiency of said lands be sold to pay debts of decedent and the costs herein; and for all proper and equitable relief to which under the facts they may appear entitled."

With respect to the curtesy interest of John C. Larkin as husband of the deceased, Mollie Larkin, it was averred in the petition "plaintiffs state that no allotment of curtesy has been made to said John C. Larkin in said land, or any part thereof and no division of said

land, or any part thereof has been made; said John C. Larkin is fifty-six years of age and is willing to accept the value of his curtesy in said land, or in land to be conveyed to him absolutely; said value of his curtesy being 48.12 per cent of the value of said lands.''

Following the prayer of the petition the court in that case adjudged: that William A. Newman, Garrett Watts and James A. Hulett, disinterested housekeepers, be, and they are hereby appointed commissioners for the purpose of dividing the lands belonging to the estate of Mollie Larkin, deceased, and not heretofore sold in this action after allotting to John C. Larkin, the surviving husband of Mollie Larkin, deceased, a life estate in one-third of said lands as his curtesy therein into ten equal parts.''

The commissioner appointed by the court divided the lands remaining after the sale between the husband, John C. Larkin, and the ten children, alloting to him as curtesy 197½ acres of land out of the 1,298.70 acres remaining after the sale of more than 1,000 acres, to pay the debts of the wife. So far as the record shows the action for a settlement of Mollie Larkin's estate was pending at the time of the commencement of this action by Virginia Larkin against her father, John C. Larkin, as guardian, for an accounting to her for her share of her mother's estate which had come into his hands as guardian, she having arrived at the age of twenty-one years in the meantime. On motion the cause was referred to the master commissioner to hear proof and to settle the accounts between the guardian and his ward. After some delay the master obtained the necessary evidence and filed report showing that the guardian, John C. Larkin, was indebted to his ward, Virginia, in a sum approximately $1,200. Later the matter was again opened and further evidence was taken and the master filed a second report, showing the guardian John C. Larkin owed his daughter $1,528.29. To these reports John C. Larkin filed exceptions and later filed an answer in which he attempted to plead a set-off. That part of his answer reads:

"Defendants say that the above amounts paid to said creditors included the principal and interest of the lien debts; that the defendant, John Larkin, had no curtesy interest in the real estate but had released the same to the said extent of 128,396.30; that deducting this $127,396.30 from the sum of

$198,122.74, there is left the sum of $70,726.44, for which the real estate of Mollie Larkin was sold to pay her debts, and in which real estate said John C. Larkin had an estate by curtesy; that said real estate was sold free from his right of curtesy; that he is entitled to and has a claim against the Mollie Larkin estate and her ten children for the value of his curtesy right for his life in said real estate from which was realized the said balance of $70,726.44; that he was sixty years of age at said time and that the cash value of his estate by the curtesy in said sum was 17.53 per cent thereof, or the sum of $12,-398.34, no part of which was allowed or paid to him out of the proceeds of said real estate; and he has a right to have same set off against the rents collected by him from the real estate of Mollie Larkin; and that Virginia Larkin's portion would be one-tenth thereof, or $1,239.83.''

With the answer was filed a copy of the petition in the settlement suit. This exhibit makes plain the fact that appellant sought in the settlement suit to have curtesy assigned to him out of the lands of his deceased wife, and that the matter was there litigated, he being assigned at least a part of the curtesy to which he was entitled. It is also manifest from that litigation that appellant was insisting at the time of the commencement of this action upon further litigating the question of curtesy in the old action. Moreover, he stood by and allowed a division of the lands under a judgment in that case among the children and, after such division, took charge of the part allotted to Virginia as her guardian and rented it for and on her behalf and collected the rents. All these matters were shown by the amended answer offered to be filed on July 1st. By this answer was shown the pendency of the same questions in the original suit and the trial judge sustained a general demurrer and upon appellant's failure to further plead entered judgment awarding Virginia Larkin the entire sum found to be due her by the commissioner, as shown by the report. It is from this judgment that this appeal is prosecuted.

It may be that appellant Larkin is entitled to a further assignment of curtesy out of the landed estate of his wife, but if so he must prosecute that claim in the original action instituted by him for that purpose and

will not be heard to do so in this suit by his ward against him for a settlement of his accounts as guardian. The court correctly adjudged the amended answer insufficient on demurrer, and the judgment is affirmed.

Judgment affirmed.